4   MARISOL A. NAGATA
State Bar No. 221387
BARRETT DAFFIN FRAPPIER
TREDER & WEISS, LLP
20955 Pathfinder Road, Suite 300
Diamond Bar, California, 91765
(626) 9155-5714 – Phone
(972) 661-7726 - Fax
File No. 1621762
EDCAECF@BDFGROUP.COM

Attorney for Movant
ONEWEST BANK, FSB, ITS ASSIGNS AND/OR SUCCESSORS IN INTEREST

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br>REBA KATHLENE PARROTT,<br><br><br>Debtor. | CASE NO.: 10-12111-A-7<br><br>CHAPTER: 7<br><br>DC NO.: EAT-1<br><br>MOTION FOR RELIEF FROM THE AUTOMATIC STAY<br>[*Local Rule 4001-1 and Local Rule 9014-1(f)(1)*]<br><br>DATE: June 22, 2010<br>TIME: 1:30 pm<br>PLACE: U.S. Bankruptcy Court<br>Courtroom A<br>Courtroom 11, 5th Floor<br>2500 Tulare Street<br>Fresno, CA |

ONEWEST BANK, FSB, its assigns and/or successors in interest hereby moves the court for an Order Terminating Automatic Stay for cause pursuant to (i) *11 U.S.C. Section 362(d)(1)* and (ii) *11 U.S.C. Section 362(d)(2)* on the grounds hereafter set forth:

1.  On February 28, 2010, the Debtor REBA KATHLENE PARROTT commenced this voluntary Chapter 7 case in the United States Bankruptcy Court for the Eastern District of California, Fresno Division, Case No. 10-1211-A-7. JAMES EDWARD SALVEN is the duly appointed, qualified and acting Chapter 7 Trustee.

2.  The court has subject matter jurisdiction over this Motion for Relief from the Automatic Stay under the provisions of *28 U.S.C. Section 157(b)* and *11 U.S.C. Section 362*. Venue in this court is proper under the provisions of *28 U.S.C. Sections 1408 and 1409*.

3.  The debtor estate includes real property commonly known as 4448 EAST RIALTO AVENUE, FRESNO, CA 93726 and legally described as follows:

> THE NORTH 135 FEET OF LOT 133, SUN GARDENS ACRES, ACCORDING TO THE MAP THEREOF RECORDED IN BOOK 12, PAGES 78 OF PLATS, FRESNO COUNTY RECORDS.

A.P.N. : 430-140-09

4.  On March 28, 2006, the Debtor REBA KATHLENE PARROTT executed a promissory note in the original sum of $250,000.00 in favor of VULCAN FINANCIAL CORP. The note is secured by a first priority deed of trust against said real property recorded on April 5, 2006 as Document No. 2006-0070634 in the Office of the County Recorder of Fresno County, California. MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC, ITS SUCCESSORS AND ASSIGNS transferred its beneficial interest in said Deed of Trust to ONEWEST BANK, FSB by written assignment recorded on April 6, 2010 as Document No. 2010-0044030 in the Office of the County Recorder of the County of Fresno, California.

5.  The original loan amount was payable with interest at the rate of 6.875% per annum in monthly principal and interest installments of Dollars $1,642.32 each, commencing June 1, 2006 and continuing thereafter on the first day of each calendar month through and including May 1, 2036 at

which time the entire unpaid principal balance plus accrued interest shall be due and payable. The interest rate and monthly payment are subject to periodic adjustments as specified in the note. The current monthly payment is $2,026.51.

6. The loan is in default for the months of July 1, 2009 through and including April 1, 2010. Delinquent monthly installments total $20,265.10 and accrued late charges total $1,131.45. Movant has also incurred escrow advances of $4,804.92, foreclosure fees and costs of $1,271.00, return check fee of $25.00, property inspection of $$20.00. Another payment of $2,026.51 will become due on May 1, 2010. The promissory note and deed of trust also obligate the borrower to pay reasonable attorney fees and costs incurred by the beneficiary to protect its interests. Movant has incurred attorney fees and costs totaling $800.00 in this relief from stay proceeding.

7. Movant commenced foreclosure proceedings on November 6, 2009 there was a foreclosure sale originally scheduled for March 1, 2010. If title reverts to movant, the real property will have to marketed and sold to recover the beneficiary's investment. To do so, the real property would be listed for sale with a real estate broker with a commission payable upon close of escrow in a sum equal to 8% of the selling price. The total estimated costs of sale are $15,960.00.

8. The debtor claim under penalty of perjury in Schedule A – Real Property and in Schedule D – Creditors Holding Secured Claims that the real property has a fair market value of $199,500.00. After deducting the estimated costs of sale and the total encumbrances from the debtor value of the real property, the remaining equity cushion does not adequately protect movant's interest in the real property and there is no remaining equity for the debtor.

9. Furthermore, the real property has no substantial value for the debtor estate. According to Schedule A, the fair market value of the real property is $199,500.00. The real property is encumbered

by movant's deed of trust securing a debt of $264,635.07. Since the total encumbrances against the property are estimated to be $264,635.07, there is no equity in this asset for the Chapter 7 Trustee to administer.

10. Since the equity in the real property does not adequately protect movant's interest in the real property, there is cause to terminate the automatic stay under *11 U.S.C. Section 362(d)(1)* and *11 U.S.C. Section 362(d)(2)* to allow movant, its successors and/or assignees, to enforce its state law remedies to foreclose upon and to recover possession of the real property.

WHEREFORE, movant prays for an Order as follows:

1. For an Order Granting Relief from the Automatic Stay to allow movant to enforce its state law foreclosure remedies against the real property described above and to allow the successful bidder to recover possession of said real property in accordance with applicable state laws.

2. That the Order Granting Relief from the Automatic Stay be binding and effective notwithstanding any conversion of this case to a case under any Chapter of *Title 11* of the *United States Code* without further notice, hearing or court order.

3. That the Order Granting Relief from the Automatic Stay be deemed effective and enforceable immediately upon its entry with no stay on its enforcement as prescribed by *Rule 4001(a)(3)* of the *Federal Rules of Bankruptcy Procedure*.

4. For such other relief as the court deems proper.

                                                                 BARRETT DAFFIN FRAPPIER TREDER
                                                                  & WEISS, LLP

Dated: May 14, 2010                            By:   /s/ Marisol A. Nagata
                                                                       MARISOL A. NAGATA
                                                                       Attorney for Movant